**PUBLIC SERVICE COMPANY OF INDIANA, INC., et al., Plaintiffs,**

v.

**James R. SCHLESINGER et al., Defendants.**

Civ. A. No. 79–1098.

United States District Court, District of Columbia.

May 16, 1979.

James P. McGranery, Jr., LeBoeuf Lamb, Leiby & MacRae, Washington, D. C., for plaintiffs.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., for defendants.

AUBREY E. ROBINSON, Jr., District Judge.

MEMORANDUM AND ORDER

Congress enacted the National Emergency Conservation Policy Act (NECPA) in November, 1978. Section 102(a) of NECPA is the Congressional finding that the federal government must take prompt action to combat the country's worsening energy situation. Consistent with the expression of urgency, Section 212(a) of NECPA provides short and specific time periods during which the Department of Energy (DOE) is required to proceed with the promulgation of rules relating to the content and implementation of Residential Energy Conservation Plans.

Pursuant to Section 212(a), the DOE, with respect to the Residential Energy Conservation Program, published an advanced notice of proposed rulemaking on January

9, 1979. On March 19, 1979, DOE published a notice of proposed rulemaking and public hearings. This notice also contained references to a Draft Regulatory Analysis (DRA) and to a Draft Environmental Assessment (DEA). The hearings were scheduled in seven cities between April 2, 1979, and May 16, 1979. In addition to the hearings all interested parties were allowed to submit written comments up to and including May 25, 1979.

DOE had contracted with an independent contractor, Hittman Associates, to provide the DRA and the DEA and additionally a Draft Urban and Community Impact Analysis (DUCIS). The DRA was not made available by the contractors to DOE until April 18, 1979, and a copy of it was presented to the plaintiffs on the following day, April 19, 1979. On that day, Plaintiffs filed this action seeking to enjoin continuation of the hearings, and a Declaratory Judgment that Defendants have violated Plaintiffs' rights and public policy by beginning the rulemaking process without the initial availability of the DRA and the absence of a Final Environmental Impact Statement.

Upon an expedited briefing schedule Plaintiffs have filed a Motion for Summary Judgment; Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment and a Response to Plaintiffs' Summary Judgment Motion.

The central issue presently before the Court is whether DOE's actions at this point amount to final agency action which gave this Court jurisdiction for judicial review. "Jurisdiction depends upon standing to seek review and upon responses." *United States v. Storer Broadcasting Co.*, 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1955). The ripeness doctrine was succinctly explained by the Supreme Court in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1969):

> The injunctive and declaratory judgment remedies are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in the context of a controversy "ripe" for judicial resolution. Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

The following test determines whether a particular agency action is ripe for review:

> The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id.*, at 149, 87 S.Ct. at 1515.

See also, *Toilet Goods Association, Inc. v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967).

In the case presently before the Court it is of major significance that further administrative proceedings are contemplated in which Plaintiffs and others can participate; that no final regulation has been issued; that no risks attach to Plaintiffs or anyone else by not complying with any DOE regulations and Plaintiffs are not confronted with immediate or significant change in the conduct of their affairs occasioned by final agency action. Thus under the standards of *Abbott Laboratories*, and its companion case, *Toilet Goods Association, Inc. v. Gardner*, it is by the Court this 16th day of May, 1979,

ORDERED, that Defendants' Motion is granted and this action is dismissed for lack of jurisdiction.